UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

Plaintiff,

v.

Case No. 14-cr-40063-JPG-002

OTHA DON WATKINS, III,

Defendant.

## **MEMORANDUM AND ORDER**

This matter comes before the Court in connection with the selection of certain providers of expert or investigative services ("Service Providers") for defendant Otha Don Watkins, III pursuant to 18 U.S.C. §§ 3006A(e) and 3599(f).

Because of the expected length of the proceedings in this federal capital prosecution and the anticipated hardship on persons providing services under 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f) and (g)(2) for such a period without payment, in accordance with the *Guide to Judiciary Policy* (Guide), Volume 7A, § 660.40, the following procedures for interim payments apply during the period of time in which Service Providers provide services in connection with this case:

**I.      Submission of Vouchers**

Service Providers providing services under 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f) and (g)(2) shall submit to the Federal Public Defender bi-monthly an interim Form CJA 31, "Death Penalty Proceedings: *Ex Parte* Request for Authorization and Voucher for Expert and Other Services." Compensation earned and reimbursable expenses incurred during the bi-monthly period shall be claimed on an interim voucher submitted no later than the tenth day of the following month, or the first business day thereafter. The first interim voucher shall reflect all compensation claimed and reimbursable expenses that have not already been submitted for payment from the date of appointment to the last day of the month following the date of appointment. Thereafter, vouchers shall be submitted according to the schedule

outlined above. Each interim voucher will be assigned a number when processed for payment. Interim vouchers shall be submitted in accordance with this schedule even though little or no compensation or expenses are claimed for the respective period. All interim vouchers must be supported by detailed and itemized time and expense statements. The Guide, Volume 7A, Chapter 6 and Chapter 3, outlines the procedures and rules for claims by persons providing services under 18 U.S.C. § 3006A(e), and 18 U.S.C. § 3599 (f) and (g)(2), and should be followed regarding each voucher.

The Federal Public Defender shall promptly audit each voucher, promptly resolve any questions regarding the hours or expenses claimed, and implement payment thereof forthwith. Payment shall not exceed amounts authorized by the Court (up to a total of $7,500) or by Chief Judge Wood, U.S. Court of Appeals for the Seventh Circuit.

At the conclusion of the period during which Service Providers provide services in this case, Service Providers shall submit a final voucher seeking payment for services provided during the final interim period. The final voucher shall also set forth in detail the time and expenses claimed for the entire case, including all necessary documentation.

**II.     Reimbursable Expenses**

Service Providers providing services under 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599(f) and (g)(2) may be reimbursed for out-of-pocket expenses reasonably incurred incident to the rendering of services.

The following additional guidelines may be helpful:

(a) Case related travel by privately owned automobile should be claimed at the rate prescribed for federal judiciary employees who use a private automobile for conduct of official business (currently, 53.5 cents per mile), plus parking fees, ferry fares, and bridge, road, and tunnel tolls. Transportation other than by privately owned automobile should be claimed on an actual expense basis. Air travel in "first class" is prohibited. For Service Providers requiring air travel, counsel are encouraged to contact the CJA Panel Administrator at the Federal Public Defender's Office for air travel authorization at government rates.

(b) Actual expenses incurred for meals and lodging while traveling outside of the Southern District of Illinois in the course of this representation must conform to the prevailing limitations placed upon travel and subsistence expenses for federal judiciary employees in accordance with existing government travel regulations. For specific details concerning high cost areas, counsel should consult the Federal Public Defender's Office.

(c) Telephone toll calls, telegrams, photocopying, and photographs can all be reimbursable expenses if reasonably incurred. However, general office overhead, such as rent, secretarial help, and telephone service, is not a reimbursable expense, nor are items of a personal nature. In addition, expenses for service of subpoenas on fact witnesses are not reimbursable, but rather are governed by Fed. R. Crim. P. 17 and 28 U.S.C. § 1825.

### III. Further Guidance

Answers to questions concerning services provided pursuant to 18 U.S.C. § 3006A(e) and 18 U.S.C. § 3599 can generally be found in

- these statutes;
- the Criminal Justice Act Plan of the United States District Court for the Southern District of Illinois, available at http://www.ilsd.uscourts.gov/DistrictCourtPlans.aspx; and
- the Guide, Vol. 7A (Guidelines for Administering the CJA and Related Statutes), published by the Administrative Office of the U.S. Courts, available at http://www.uscourts.gov/FederalCourts/AppointmentOfCounsel/CJAGuidelinesForms/GuideToJudiciaryPolicyVolume7.aspx.

Should these references fail to provide the desired clarification or direction, counsel should address their inquiries directly to the Federal Public Defender's Office or the Court.

**IT IS SO ORDERED.**
**DATED: April 26, 2017**

s/ J. Phil Gilbert
**J. PHIL GILBERT**
**DISTRICT JUDGE**